JOHN FRINK & CO., Plaintiffs in Error,

*vs.*

HIRAM SLY, Defendant in Error.

ERROR TO THE DANE CIRCUIT COURT.

The statute in relation to non-resident defendants and associations considered.
What service in such case will give the court jurisdiction.
Where suit is commenced against one person, a non-resident of the state, service of the process upon the agent of a company or association of which he is a member, is not sufficient to give the court jurisdiction of the defendant or any other member of such company.

ACTION on the case commenced in the Circuit Court of Dane county by the defendant in error, to recover damages alleged to have been sustained in consequence of the upsetting or over-turning of a stage coach, resulting from the carelessness of the driver.

The peculiar mode of bringing the suit, of the service of process, and subsequent proceedings, comprise all there is of interest in the case; as they involve the construction of several provisions of the statute, in regard to the mode of serving process, and in relation to the duties and liabilities of transportation or carrying companies operating within this state.

The opinion of the court recites all of the record essential to the full appreciation of the case, and the principles decided.

*H. S. Orton,* for the plaintiffs in error.

*Roys,* for the defendant in error.

*By the Court,* SMITH, J. The precipe filed in the court below, for the summons, after entitling the case, " *Hiram Sly vs. John Frink,*" directed the clerk to issue a summons " against John Frink, defendant, a company with others doing business in said county and state, in transporting passengers and freight by stages, under the name and style of J. Frink & Co., returnable,

&c." The summons commanded the sheriff " to summon John Frink, a company with others doing business," &c.

To this summons the sheriff made the following return : " The within named, John Frink, is not found within my county and has no residence in this state that I know of, and never was a resident of this state to my knowledge, thereupon I have personally served this summons on Robert Brown, the agent of said company of John Frink & Co., and delivered to him a true copy thereof, this sixth day of October, 1853."

On the 10th day of October, 1853, the plaintiff filed his declaration against " John Frink *and others unknown,* a company doing business, &c., under the name and style of John Frink & Co.," for damages received by the plaintiff by the upsetting of the defendants' stage coach, in which he was a passenger, $2,000. On the 17th day of March, 1854, the defendants' default was entered, and April 18th, a writ of inquiry was issued, and on the 21st returned with an inquisition of the damages.

On the same day, April 21st, 1854, the defendants by their attorneys, protesting that they had no proper notice of said suit, and had never been served with process, moved the court to set aside the inquest taken, as well as the default entered, for reasons set forth in their motion filed, but which do not expressly appear in the record.

At the April term, 1855, this motion was overruled, and judgment was rendered for the amount of damages returned with the writ of inquiry, viz: that the plaintiff " do have and recover of and from the said *defendants* the sum of four hundred and fifty dollars damages aforesaid," and for costs.

The first question presented by this record is, did the court below obtain any jurisdiction of any party or parties defendant in this suit? and if so, of whom and to what extent? It is obvious that jurisdiction must be derived from the process of the court and service thereof, in the manner prescribed by law, for there was no appearance to aid a defective process or irregular service. Looking, then, into the writ issued, as well as to the precipe, to which the writ conforms, we find that but one person, to wit, John Frink, is made defendant. It is true he is described as a company with others, doing a particular kind of business under a particular style and name, but he, and he alone,

is made defendant, and him alone is the sheriff commanded to summon. The language "a company with others doing business," &c., is merely descriptive of the defendant. It is evident that it was not the design of the plaintiff to proceed against the association or company of which he is a member, because he is named as the defendant, and an attempt is made to proceed against him as an absent or non-resident defendant, in accordance with *section* 13 of *chapter* 90 of the *Revised Statutes*, which is as follows:

"If the defendant is out of the state at the time of the service of the process, the service thereof shall be made by leaving it at his last and usual place of abode, if there be any within the state; and if the defendant never was an inhabitant of the state, the process shall be served by leaving the original or a copy, as the case may be, with his tenant, agent or attorney; and if there shall be no such tenant, agent or attorney within the state known to the officer or plaintiffs, the officer shall certify the facts in his return, and the court may thereupon cause notice to the defendant to be given in such manner as they shall think proper."

A proceeding under this statute ought strictly to conform to its requisitions. It is not necessary to determine whether, in case the sheriff had returned that he had served a copy of the summons upon Robert Brown, the agent of John Frink, the defendant, without expressly and directly returning the fact that he was such agent in point of fact, at the time of service, would be a sufficient compliance with this section of the statute, without other proof of such fact. The sheriff does not so return. He says he served a copy upon Robert Brown, the agent of said company of John Frink & Co. This is not sufficient to bind Frink in a suit against him individually, for Brown is not stated directly or inferentially to be the agent of John Frink; nor is it sufficient to bind the company, for there is no suit brought against the firm or association.

Perhaps had the suit been brought against the company or association, in pursuance of *sections* 25, 26 *and* 27, of *chapter* 90, a service upon their agent, if all the members were out of the state, as provided by *section* 13, might be a good service. But of this we give no opinion. This suit was not so brought, and we see no way in which the judgment of the court below

can be sustained. The suit was brought against "John Frink, the defendant." The plaintiff entitled his suit in his precipe, "*Hiram Sly vs. John Frink.*" The summons was against John Frink. Had he been found, its exigencies would have been fully answered by service upon him only. If it were a suit against the association or company, a question might well arise whether service upon their agent would be good unless the fact should appear that all the members were absentees or non-residents of the state. But surely, to hold that because John Frink is an absentee or non-resident, a service upon the agent of a company of which he is described as a member, should bind all the members of such company, whether residents or not, would be doing violence to the intention as well as the language of the statute, and repugnant to the first principles of jurisprudence.

Judgment reversed, with costs.